50 F.3d 21
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry S. JONES, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3104.
 United States Court of Appeals, Federal Circuit.
 March 17, 1995.
 
 Before NEWMAN, CLEVENGER and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Larry S. Jones petitions for review of the August 4, 1994 initial decision of the administrative judge (AJ) in Merit Systems Protection Board (Board) docket number CH-0752-94-0721-I-1.[1] In her initial decision, the AJ dismissed Jones's appeal for lack of jurisdiction based upon the doctrine of res judicata. We affirm.
 
 DISCUSSION
 
 2
 The United States Postal Service (agency) placed Jones on indefinite suspension from his position as a Mechanic on March 30, 1992. He appealed the suspension to the Board on April 21, 1992 (docket number CH-0752-92-0433-B-1). While that appeal was pending, the agency removed Jones for sexually harassing an employee, and for threatening other employees. He appealed the removal to the Board on June 7, 1992 (docket number CH-0752-92-0520-I-1). An administrative judge dismissed the suspension appeal in an initial decision dated March 12, 1993 for lack of jurisdiction because the suspension did not exceed fourteen days. Another administrative judge sustained Jones's removal from the Postal Service in an initial decision dated October 5, 1992. Jones appealed both initial decisions to the full Board. Thereafter, on July 9, 1993, the Board consolidated the two petitions for review and denied them because they did not meet the criteria for review set forth at 5 C.F.R. Sec. 1201.115.
 
 
 3
 On June 22, 1994, Jones filed the instant appeal with the Board. In his Appeal Form, he stated that the "agency action" he was appealing was "Fraud, Perjury, Denial of Due Process in MSPB Docket Numbers, CH-0752-92-0433-[B]-1, [and] CH-0752-92-0520-I-1...." As noted above, the AJ dismissed the appeal as barred by res judicata.
 
 
 4
 The doctrine of res judicata bars Jones from relitigating the same disciplinary matters in his third appeal that were or could have been raised in his first and second appeals. See Nevada v. United States, 463 U.S. 110, 129-130 (1983) ("the doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy, concluding parties ... not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' "). The fraud, perjury, and denial of due process claims Jones seeks to litigate here could have been litigated in the first or second appeals, and are therefore barred by the doctrine of res judicata. Accordingly, in his June 22 appeal Jones failed to assert a matter within the Board's jurisdiction. See 5 U.S.C. Sec. 7701 (1988 & Supp. V 1993); 5 C.F.R. Sec. 1201 (1994). The AJ's dismissal of the appeal was correct.
 
 
 
 [1]
 The AJ's initial decision became the final decision of the Board on October 27, 1994 when the Board denied Jones's petition for review